NATIONAL AMERICANS *v.* HOWELL.

Opinion delivered November 18, 1918.

INSURANCE—MUTUAL BENEFIT SOCIETY—WAIVER OF FORFEITURE.—Where the holder of a benefit certificate in a fraternal insurance society had been suspended for nonpayment of dues, and the constitution and by-laws of the society provided that a member so suspended could be reinstated only by production of a health certificate and payment of delinquent dues, the society did not waive the forfeiture by offering to return a portion or all of the dues which the member had paid.

Appeal from Lawrence Circuit Court, Eastern District; *D. H. Coleman,* Judge; reversed.

*W. P. Smith,* for appellant.

1. It was error to direct a verdict. Brady had been suspended and was not a member in good standing at his death. The payments made were never accepted. Brady

had forfeited all rights and was never reinstated. There can be no recovery.   80 Ark. 417.

SMITH, J.   This case is identical with, and is ruled by, the case of *Sovereign Camp W. O. W.* v. *Anderson,* 133 Ark. 411, 202 S. W. 698.   There, as here, the holder of a benefit certificate in a fraternal insurance society had become suspended for the nonpayment of dues, and the constitution and by-laws of the order in each case provided that a member suspended for the nonpayment of dues could be reinstated only by the production of a certificate showing the suspended member to be in good health and the payment of delinquent dues.   In the Anderson case, *supra,* the delinquent member was afflicted with consumption at the time of the payment of the delinquent dues.   In the instant case, the member died on the day the delinquent dues were paid, without any certificate having been furnished as required by the constitution and by-laws in regard to the condition of the member's health.   Indeed, the member may have been dead at the time the payment was made, as both events occurred on the same day.

The secretary of the local lodge testified that, while he was engaged in the discharge of his duties as postmaster, a Mrs. Cook passed through the postoffice window a sealed envelope which she said contained the money to pay the dues of the delinquent member for two months, and, without knowing that the member was dead, and assuming that the health certificate would be later supplied, he issued the usual receipts.   This money was never remitted to the home office, and a tender of it to a member of the family of the deceased was made and refused.   The guardian of the beneficiary testified that the head officers of the society wrote him twice, and offered him about $120 or $129, this being the amount of dues which the member had paid.

At the conclusion of the testimony, both sides requested the court to direct a verdict, whereupon the court gave the jury the following direction: "I am going to

hold by the receipt of the secretary receiving these dues and the evidence in this case showing that after these receipts were issued the company with full notice of the matter of his former suspension and without going into details of what the attempted settlement was, that they attempted to settle this policy, and the evidence of Mr. Kelley shows that the attempt to settle was made, and that is undisputed. And in my opinion when a company attempts to make settlements under any policy, they thereby waive all of the requirements of the policy and by-laws, and I instruct the jury to return a verdict for the plaintiff for $1,000.'' The policy was for $1,000. A judgment was rendered accordingly, and this appeal has been duly prosecuted.

The member was not properly reinstated, and the policy was not in force at the time of his death, and the court should not have directed a verdict for the reason set out above. If the society was not otherwise liable, its offer to return a portion or all of the dues paid would not render it liable. It had the right to propose a settlement of the claim without becoming liable for the claim, the validity of which was always in dispute. The judgment of the court below will, therefore, be reversed and the cause dismissed.